IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| YAMIL LA FONTAINE-FARIA, <br> MANUEL LA FONTAINE-URBISTONDO, <br> IRMA FARIA-ASTOR, <br> YARET LA FONTAINE-FARIA <br> Plaintiffs <br> vs <br> HOSPITAL CALLETANO COLL Y TOSTE; LUIS MARTINEZ-ROBLES, his wife JANE DOE and their conjugal partnership; DIMARIS ORTIZ-MENDEZ, her husband JOHN ROE and their conjugal partnership; GABRIEL TOMAS TORRES-PEREZ, a minor, represented by his father Gabriel Torres-Acevedo and his mother Carmen Pérez-Dendariarena; GABRIEL TORRES-ACEVEDO, CARMEN PEREZ-DENDARIARENA and their conjugal partnership; CONTINENTAL INSURANCE COMPANY; INSURANCE COMPANY B; INSURANCE COMPANY C; SINDICATO DE ASEGURADORES PARA LA SUSCRIPCION CONJUNTA DE SEGURO DE RESPONSABILIDAD MEDICO HOSPITALARIA <br> Defendants | CIVIL 10-1768CCC |

**OPINION AND ORDER**

Before the Court is a Motion for Summary Judgment supported by a memorandum of law (**docket entry 68**) filed by defendants Gabriel Torres-Acevedo, Carmen Pérez-Dendariarena, their conjugal partnership and their son Gabriel T. Torres-Pérez (Torres-Pérez). The factual allegations of the Amended Complaint, related to an alleged physical assault upon plaintiff Yamil Lafontaine-Faría by codefendant Torres-Pérez, focused on the latter who was a minor at the time of the events. Torres-Pérez was charged with attempted murder and acquitted at a criminal trial. Movants challenge plaintiffs' claim of supplemental jurisdiction stating that the only federal claim in this case is an EMTALA claim, and that Articles 1802 and 1803 negligence and vicarious liability actions do not arise from

CIVIL 10-1768CCC                                            2

the same nucleus of operative facts as the EMTALA action.  Plaintiffs filed their opposition on November 14, 2011  (docket entry 73).

We start by examining the relevant allegations of the Amended Complaint as well as excerpts of the version of facts and legal theories stated by the parties in their Joint Proposed Pretrial Order filed on February 17, 2012 (docket entry 89).  Plaintiffs define the nature of their claims at Part II.A at page 2 of the Pretrial Order in the following manner: "[t]he claims in the case of caption are grounded on EMTALA due to violations to EMTALA by Hospital Cayetano Coll y Toste and on malpractice claims against attending doctors Luis Martínez-Robles and Dimarys Ortiz-Méndez" and as to "codefendants Gabriel Torres-Pérez, Gabriel Torres-Acevedo and Carmen Pérez.  Plaintiffs are seeking compensation for the actions of Gabriel Torres-Pérez who intentionally shot and wounded plaintiff Yamil Lafontaine-Faría with a crossbow."  The jurisdictional allegations of the Amended Complaint filed on March 28, 2011 (docket entry 36) are federal question jurisdiction as to the Hospital pursuant to the EMTALA claim and supplemental jurisdiction as to the state medical malpractice claims against both the Hospital and the doctors and the damages actions based on negligence due to the physical assault against minor defendant Gabriel Torres-Pérez and his parents, all based upon Articles 1802 and 1803 of the Civil Code of Puerto Rico.  The EMTALA claim is essentially based on allegations of incomplete and inadequate screening and being discharged during late hours of the night without having been properly stabilized despite his serious condition.  The supplemental claims are all tort claims against all defendants, including the Hospital.  As to the latter, a medical malpractice claim is made for negligently failing to correctly diagnose and treat Lafontaine-Faría's emergency medical condition.  Medical malpractice claims are also made against Drs. Martínez and Ortiz for failing to diagnose his emergency medical condition and failing to provide adequate and required medical treatment.  The supplemental tort claim against minor codefendant Torres-Pérez and his parents as vicariously liable are based on the

CIVIL 10-1768CCC                                    3

negligent wounding of Lafontaine-Faría with a crossbow arrow allegedly shot by Torres-Pérez.

As expected, plaintiffs' legal theory regarding their only federal claim pursuant to the EMTALA statute addresses the screening and stabilization requirement as well as the definition of relevant terms of that statute in the context of their specific factual allegations regarding plaintiff Yamil Lafontaine-Faría's stay at the emergency room at the Hospital Cayetano Coll y Toste. The EMTALA discussion covers eleven pages of the Joint Proposed Pretrial Order and is followed by a brief discussion of the legal requirements in medical malpractice claims related to the standard of care in the community, the medical providers' failure to meet such standard, and the causal relationship between the harm to the patient and the medical providers' breach of the prevailing standard of care. The defendant Hospital and the medical doctors, in turn, have stated their corresponding legal theory and relevant case law, according to their versions. It is specifically alleged by the Hospital that this case is not covered by EMTALA since the plaintiffs, at most, have a medical malpractice action that should have been brought before the state courts. The Hospital and the doctors' discussion is set forth at pages 31 through 45 of the Joint Proposed Pretrial Order.

A careful reading of the tort claim based on the physical assault and the EMTALA and medical malpractice claims contained in the Amended Complaint and further discussed in the Joint Proposed Pretrial Order lead us to conclude that the assault claims do not form part of the same case or controversy within the Court's original jurisdiction, that is, the EMTALA claim. The medical malpractice claims brought under the Court's supplemental jurisdiction against the Hospital and the doctors are, however, so closely related to the EMTALA claim as to form a part of the same controversy arising under the federal statute. The EMTALA claim is not interdependent with the factual allegations underlying the physical assault claim. They are simply not the same case or controversy and involve entirely different facts and different legal theories and requirements. In <u>Serrano-Morán v.</u>

CIVIL 10-1768CCC                                    4

Grau-Gaztambide, 195 F.3d 68 (1st Cir. 1999), the district court had found that the medical malpractice claim against the medical defendants under state law did not share a common nucleus of operative facts with the 42 U.S.C. § 1983 claim against the police and, therefore, dismissed the malpractice claim brought under the Court's supplemental jurisdiction without prejudice.  The Court of Appeals observed that a determination regarding supplemental jurisdiction turns "on essentially fact-based assessments."  Id., at p. 70.  Utilizing this standard, the Court concluded as follows:

> The facts and witnesses as to the two sets of claims are essentially different, not common, as the district court found.  That there may be finger-pointing defenses, whether at the liability or damages stage, does not change this assessment, nor does the assessment change whether the temporal proximity is little or great.  Whether or not the police violated [plaintiff's] civil rights has nothing to do with whether the hospital and doctors conformed to the requisite standard of care; damages is a separate issue.

Id.

For the reasons stated, the Motion for Summary Judgment based on a challenge to the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1667 over the state law claims brought against movants Gabriel Torres-Acevedo, Carmen Pérez-Dendariarena, their conjugal partnership and their son Gabriel T. Torres-Pérez (**docket entry 68**), is GRANTED. Partial Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on March 30, 2012.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge